ALYS L. MELANCON,
v.
PAUL MIRE MELANCON, JR.
No. 2007 CA 0576.
Court of Appeal of Louisiana, First Circuit.
November 2, 2007.
BRENT B. BOXILL, Attorney for Plaintiff/Appellee, ALYS L. MELANCON
BRIAN J. PRENDERGAST, Attorney for Defendant/Appellant, PAUL MIRE MELANCON, JR.
Before CARTER, C.J., PETTIGREW and WELCH, JJ.
PETTIGREW, J.
In this child support matter, the father challenges a family court judgment finding that certain capital gains and dividends allegedly received by the mother were not part of her gross income for purposes of calculating child support pursuant to LSA-R.S. 9:315. For the reasons that follow, we affirm.

BACKGROUND
Paul Mire Melancon, Jr., and Alys Lopiccolo Melancon were married on June 26, 1987. On December 1, 2005, Ms. Melancon filed a petition seeking a divorce, as well as an award of child support for the three children born of the marriage. After their separation, the parties entered into an extra-judicial agreement providing for joint custody, with the parties sharing equal physical custody of the children. The parties were ultimately divorced by judgment rendered January 24, 2007.
On July 21, 2006, this matter came for trial on the issue of child support. The primary contested issue was whether Ms. Melancon's interest in Red Stick Holdings, L.L.C. (Red Stick) should be considered in calculating her gross income for child support purposes. At the trial, Frank Lopiccolo, Ms. Melancon's father, testified that he had formed Red Stick in 1999 as an estate planning device. Mr. Lopiccolo, who was the manager of the company at all times, contributed all of the cash to Red Stick and donated a percentage of ownership in the company to each of his children. None of his children or their spouses contributed any cash or other consideration to Red Stick. As Mr. Lopiccolo's daughter, Ms. Melancon was a member of Red Stick and owned a 21.82% interest in the company. Every year, Ms. Melancon received a Schedule K-1 for income tax purposes that listed the capital gains and income attributable to her interest in Red Stick. These capital gains were properly listed on the joint tax returns she filed with Mr. Melancon. However, no funds were actually distributed to Ms. Melancon from Red Stick; rather, the funds were retained and reinvested by the company. Mr. Lopiccolo testified that since its inception in 1999, Red Stick has not made any distributions to the members, other than distributions to pay for the increased tax burden the members incurred as a result of the capital gains.[1] Mr. Melancon did not offer any evidence to contradict this testimony.
After requesting post-trial memoranda on the issue, the family court issued written reasons for judgment finding that Ms. Melancon's interest in the company should not be considered in calculating her gross income. In deciding to deviate from the child support guidelines, the family court specifically found that the application of the guidelines would be inequitable to the parties. The court further found that the application of the guidelines would not be in the best interest of the children because Ms. Melancon was not actually receiving any money from the company, and she had no authority to cause distributions to be made. However, the court ordered that the matter would be reviewed every six months to determine whether Ms. Melancon had received any distributions from the company. The court found that Mr. Melancon had a gross monthly income of $5,449.60 from his salary as an attorney for the State of Louisiana, while Ms. Melancon had a gross monthly income of $2,620.75 from her salary as a teacher at Catholic High School. These calculations resulted in a basic child support obligation of $944.66 for Mr. Melancon, and a corresponding obligation of $454.84 for Ms. Melancon. Thus, Mr. Melancon owed Ms. Melancon the difference between those figures, $489.82, as a monthly child support payment.[2] A judgment in accordance with these reasons was signed on October 11, 2006, and this appeal by Mr. Melancon followed.

DISCUSSION
As a preliminary matter, we note that the standard of review in a child support case is manifest error. Generally, an appellate court will not disturb a child support order unless there is an abuse of discretion or manifest error. State, Department of Social Services ex rel. D.F. v. L.T., XXXX-XXXX, p. 6 (La. 7/6/06), 934 So.2d 687, 690.
Income for the purpose of establishing child support is dependent upon gross income, or the parties' financial condition, at the time of the determination. McKneely v. McKneely, 98-2472, p. 6 (La. App. 1 Cir. 6/14/00), 764 So.2d 1157, 1162. For child support purposes, gross income is defined by LSA-R.S. 9:315C(3)(a) to include:
The income from any source, including but not limited to salaries, wages, commissions, bonuses, dividends, severance pay, pensions, interest, trust income, recurring monetary gifts, annuities, capital gains, social security benefits, workers' compensation benefits, basic and variable allowances for housing and subsistence from military pay and benefits, unemployment insurance benefits, disaster unemployment assistance received from the United States Department of Labor, disability insurance benefits, and spousal support received from a preexisting spousal support obligation[.]
There is a rebuttable presumption that the amount of child support obtained by use of the child support guidelines is the proper amount; however, the court may deviate from the guidelines if their application would not be in the best interest of the child or would be inequitable to the parties. LSA-R.S. 9:315.1.
On appeal, Mr. Melancon has challenged the family court's determination to deviate from the child support guidelines in determining Ms. Melancon's gross income. As noted above, Mr. Melancon did not introduce any evidence to rebut the testimony from Ms. Melancon and Mr. Lopiccolo that no funds were ever actually distributed from Red Stick to its members. Nevertheless, Mr. Melancon contends that, in calculating Ms. Melancon's gross income, the family court should have used the income listed on the Melancons' tax returns, which included the alleged distributions from Red Stick. Mr. Melancon contends that actual tax returns are substantive proof of a party's financial condition, relying on McKneely, 98-2472 at p. 6, 764 So.2d at 1162. We do not find McKneely to be supportive of Mr. Melancon's position.
In McKneely, the court was faced with an attempt by a party to have his gross income calculated by subtracting certain anticipated expenses from his actual income. The trial court allowed this subtraction; however, on appeal, the court determined that gross income, as defined by LSA-R.S. 9:315, did not encompass anticipated future expenses that had not been incurred at the time of the assessment of the income. The court went on to say that if such expenses did occur, the party could seek a reduction in the child support award based upon a change in circumstances pursuant to LSA-R.S. 9:311. McKneely, 98-2471 at p. 6, 764 So.2d at 1162.
In the case before this court, Mr. Melancon is attempting to have Ms. Melancon's gross income calculated to include distributions that it is undisputed she has never received and that she has no authority to order. Such a calculation would result in Mr. Melancon, who has a salary more than twice that of Ms. Melancon, receiving child support payments from her.[3] Such a result is clearly not in the best interest of the children, nor is it equitable to the parties, particularly when Ms. Melancon does not have control of the funds upon which such an award is based. We further note that the family court has arranged for this matter to be reviewed every six months to determine whether Ms. Melancon has received any distributions.[4] If Ms. Melancon receives any distributions, the family court may then modify the original child support award. Accordingly, after a thorough review of the record, we find no manifest error and no abuse of the family court's discretion.

CONCLUSION
For the foregoing reasons, we affirm judgment of the family court. All costs of this appeal are assessed to Paul Mire Melancon, Jr.
AFFIRMED.
NOTES
[1] Ms. Melancon testified that her accountant would calculate the tax liability she and Mr. Melancon owed without the capital gains income, as well as what they owed once the capital gains were included. Mr. Lopiccolo would then order a distribution from Red Stick to cover the difference so that the members were not adversely affected by the inclusion of these capital gains in their taxable incomes.
[2] Mr. Melancon was also ordered to pay 67.5% of the children's private school tuition, recreational activities, and extra-ordinary medical or dental expenses, with Ms. Melancon to pay the remaining 32.5%. However, because Mr. Melancon had obtained health insurance for the children, his monthly child support obligation was reduced by Ms. Melancon's percentage share (32.5%) of the amount paid monthly for the health insurance premium.
[3] Indeed, utilizing the income figures supplied by Mr. Melancon results in a monthly child support payment from Ms. Melancon to Mr. Melancon of $893.37.
[4] In keeping with the reasoning of McKneely, Mr. Melancon's remedy, if such distributions were made, would be to seek a modification from the family court based on a change of circumstances. However, in this case, the family court has ordered that the matter be reviewed every six months for just that purpose.